## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  **SARAH HANCOCK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | CIV-18-235-SLP |
| | ) | |
| 1.  **TRADITIONS FAST CASUAL** | ) | |
| **HOLDINGS, LLC d/b/a PDQ, and** | ) | |
| 2.  **CHOICE EMPLOYER SOLUTIONS** | ) | |
| **III, INC.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Sarah Hancock, and for her Complaint in the above-entitled action, alleges and states as follows:

### PARTIES

1.      Plaintiff, Sarah Hancock, is an adult female resident of Oklahoma County, Oklahoma.

2.      Defendants are:

a.      Traditions Fast Casual Holdings, LLC d/b/a PDQ, an entity doing business in and around Oklahoma County, Oklahoma; and

b.      Choice Employer Solutions III, Inc., an entity doing business in and around Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3.      This cause of action arises out of Plaintiff's former employment with Defendants and is based on Plaintiff's claims of gender discrimination, sexual harassment, the creation of a sexually hostile work environment and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq.*

4.      Jurisdiction over Plaintiff's federal cause of action is vested in this Court under

1

28 U.S.C. § 1331.

5.      Plaintiff exhausted her administrative remedies as to the above-listed claim by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about February 23, 2018.  Plaintiff received her Dismissal and Notice of Rights letter from the EEOC dated March 8, 2018 (received by Plaintiff by mail thereafter) and has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

6.      Defendants are doing business in and around Oklahoma County and all acts complained of occurred in or around Oklahoma County.  Oklahoma County is located within the Western District of the United States District Court of Oklahoma.  Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7.      Plaintiff, Sarah Hancock, began her employment with Defendants (who operate a fast-food restaurant, PDQ, located in Oklahoma City, Oklahoma) on or about September 28, 2017.  Upon information and belief, the PDQ restaurant where Plaintiff worked was owned and operated by Defendant Traditions Fast Casual Holdings, LLC, which contracts with Choice Employer Solutions III, Inc., for payroll and Human Resources Services.  The W-2 that Plaintiff was issued during her employment with Defendants identifies Choice Employer Solutions III, Inc. as the employer.

8.      Operating Director Charles Torre, who worked at the same location as Plaintiff, hired Plaintiff to perform kitchen preparation duties during the morning shift from 7:00 a.m. to 4:00 p.m.

9.      Throughout her employment, Plaintiff was a satisfactory or better employee. She was often complimented on her performance.  And, at no time was she written up or

2

otherwise disciplined.

10.     Despite her good work performance, Plaintiff was wrongfully terminated on or about December 27, 2017, after repeatedly rebuffing Torre's offensive and unwelcome sexual advances.

11.     More particularly, shortly after Plaintiff began her employment, Torre repeatedly made unwelcome and offensive sexual comments and advances toward Plaintiff.

12.     On nearly a daily basis while at work, Torre would grab Plaintiff's arm, forcibly hug Plaintiff and other female employees, as well as rub their backs.

13.     Moreover, in or around late October or November 2017, near the end of Plaintiff's shift, Torre called Plaintiff to his office.  Torre was sitting in an office chair and Plaintiff was standing.  Torre asked Plaintiff about a grocery order.  As Plaintiff was responding, Torre reached his left hand through Plaintiff's legs, grabbing the inside of her right leg and back of her thigh, near her buttocks.  Shocked and offended, Plaintiff quickly jumped from Torre's grasp, left his office and clocked out.

14.     Torre also made sexual comments to Plaintiff and other female employees, telling them about his pre-marital sexual trysts and about various venereal diseases that he could have contracted.

15.     Torre also repeatedly made degrading comments about women, calling his wife a "b*tch" and constantly cursing and demeaning the female staff.  On the other hand, Torre did not talk to or treat the male staff in such a degrading fashion.

16.     After repeatedly rebuffing Torre's unwelcome and offensive sexual advances, Torre cut Plaintiff's work hours and then terminated her employment on or about December 27, 2017.

17.     On or about December 26, 2017, while off work on approved leave for the

Christmas holiday, Plaintiff checked her schedule via Defendants' on-line scheduling system. However, Plaintiff was not on the schedule. As such, she sent an inquiry, asking why she was not scheduled to work that week.

18.     Kitchen Manager Levi Bishop responded, telling Plaintiff that another employee was moved to Plaintiff's day-shift kitchen position. Bishop claimed Plaintiff had been "milking her hours" and was not performing her job duties. However, Plaintiff had not been previously advised of any such allegations, nor had she been written up or disciplined.

19.     Bishop told Plaintiff that he could schedule her to work night hours only - though she had previously worked day shifts.

20.     Plaintiff then called Torre on or about December 27, 2017 to find out what was going on with her job. And, Torre terminated Plaintiff's employment.

21.     Torre claimed that he could not afford to pay Plaintiff what she was earning, i.e., $11.00 per hour, and did not have sufficient hours for Plaintiff to work. However, the claimed basis for Plaintiff's termination is pretext.

22.     Torre promised Plaintiff at the time he hired her – just three months before – that she would receive a pay increase and have promotional opportunities, which did not happen.

23.     Moreover, the store location at which Plaintiff worked was busy. And, the fact that another employee was placed in Plaintiff's day-shift kitchen position is inconsistent with Torre's claim that there were not sufficient hours for Plaintiff to work.

24.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered the injuries described below.

## COUNT I: TITLE VII

For her first cause of action, Plaintiff incorporates all prior allegations and further

4

alleges and states as follows:

25.     The matters alleged above constitute violations of Title VII of the Civil Rights Act in the nature of gender-based discrimination, sexual harassment, the creation of a sexually hostile work environment and retaliation.

26.     Plaintiff is entitled to relief under Title VII for gender discrimination because at all relevant times hereto, Plaintiff was a member of a protected class, Plaintiff was qualified for her job, was discharged and her position was not eliminated after her termination.

27.     Plaintiff is further entitled to relief under Title VII for sexual harassment and the creation of a sexually hostile work environment, as Plaintiff was subjected to verbal or physical conduct of a sexual nature, the conduct was unwelcome and the conduct was sufficiently severe or pervasive to alter the terms, conditions or privileges of her employment.

28.     Plaintiff is also entitled to relief under Title VII for retaliation because Plaintiff engaged in protected opposition to sexual harassment and gender discrimination; she suffered an adverse action subsequent to the protected activity; and a causal link exists between the protected activity and the adverse action.

29.      As damages, Plaintiff has suffered lost earnings, past and future, and emotional distress.

30.     Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of

the Plaintiff and against Defendants and award compensatory damages, wage loss (including back pay and front pay), emotional distress damages, punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees, and all other damages recoverable as to the above-listed claims.

Respectfully submitted this 16th day of March, 2018.

s/ Jana B. Leonard
**JANA B. LEONARD, OBA #17844**
**LAUREN W. JOHNSTON, OBA #22341**
**SHANNON C. HAUPT, OBA #18922**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, Oklahoma 73139**
**(405) 239-3800 (telephone)**
**(405) 239-3801 (facsimile)**
**leonardjb@leonardlaw.net**
**johnstonlw@leonardlaw.net**
**haupts@leonardlaw.net**

6